*AO 199A (Rev. 12/11) Order Setting Conditions of Release*         Page 1 of    3    Pages

# UNITED STATES DISTRICT COURT
for the
Northern District of Georgia

FILED IN OPEN COURT
U.S.D.C. Atlanta
JUN 19 2018
James N. Hatten, Clerk
By: Deputy Clerk

| | |
|---|---|
| UNITED STATES OF AMERICA </br> v. </br> MATTHEW COX </br> *Defendant* | ) </br> ) </br> )    *Case No.: 1:18-CR-182* </br> ) </br> ) |

## ORDER SETTING CONDITIONS OF RELEASE

*IT IS ORDERED that the defendant's release is subject to these conditions:*

(1) The defendant must not violate federal, state, or local law while on release.

(2) The defendant must cooperate in the collection of a DNA sample if it is authorized by 42 U.S.C. § 14135a.

(3) The defendant must advise the court or the pretrial services office or supervising officer in writing before making any change of residence or telephone number.

(4) The defendant must appear in court as required and, if convicted, must surrender as directed to serve a sentence that the court may impose.

The defendant must appear at: _____
                                                                    *Place*

on _____
                       *Date and Time*

*If blank, defendant will be notified of next appearance.*

(5) The defendant must sign an Appearance Bond, if ordered.

## ADDITIONAL CONDITIONS OF RELEASE

IT IS FURTHER ORDERED that the defendant's release is subject to the conditions marked below:

( ) (6) The defendant is placed in the custody of:
   Person or organization _____
   Address (only if above is an organization) _____
   City and state _____   Tel. No. _____

who agrees to (a) supervise the defendant, (b) use every effort to assure the defendant's appearance at all court proceedings, and (c) notify the court immediately if the defendant violates a condition of release or is no longer in the custodian's custody.

Signed: _____   _____
                Custodian                             Date

( X ) (7) The defendant must:
   ( X ) (a) submit to supervision by and report for supervision to the  [X] U.S. Pretrial Services ( ) U.S. Probation Office
         telephone number   404-215-1900/1950   , ( ) No later than _____   [X] Before leaving courthouse, or _____
   ( X ) (b) continue or actively seek employment.
   (   ) (c) continue or start an education program.
   ( X ) (d) surrender any passport to: your supervising officer by :  as set  *as set by U.S.P.O.*, and do not obtain nor possess a passport or other international travel document, not obtain or possess a passport or other international travel document in your name, another name or on behalf of a third party, including minor children.
   (   ) (e) abide by the following restrictions on personal association, residence, or travel: _____
   ( X ) (f) avoid all contact, directly or indirectly, with any person who is or may be a victim or witness in the investigation or prosecution, including:  Victims & any co-defendants to be provided by AUSA
   (   ) (g) get medical or psychiatric treatment:   ( ) as directed by your supervising officers   ( ) _____
   (   ) (h) maintain residence at a halfway house or community corrections center, as the pretrial services office or supervising officer considers necessary.
   ( X ) (i) not possess a firearm, destructive device, other weapon, or ammunition, in your home, vehicle or place of employment, or upon your person.
   ( X ) (j) not use alcohol ( ) at all ( X ) excessively.
   ( X ) (k) not use or unlawfully possess a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless lawfully prescribed by a medical licensed medical practitioner.
   (   ) (l) submit to testing for a prohibited substance if required by the pretrial services office or supervising officer. Testing may be used with random frequency and may include urine testing, the wearing of a sweat patch, a remote alcohol testing system, and/or any form of prohibited substance screening or testing. The defendant must not obstruct, attempt to obstruct, or tamper with the efficiency and accuracy of prohibited substance screening or testing.
   (   ) (m) participate in a program of inpatient or outpatient substance abuse therapy and counseling if directed by the pretrial services or supervising officer.
   ( X ) (n) participate in one of the following location restriction programs and comply with its requirements as directed.
         (   ) (i) **Curfew.** You are restricted to your residence every day ( ) from _____ to _____, or ( ) as directed by the pretrial services office or supervising officer; or
         ( X ) (ii) **Home Detention.** You are restricted to your residence at all times except for employment; education; religious services; medical, substance abuse, or mental health treatment; attorney visits; court appearances; court-ordered obligations; or other activities approved in advance by the pretrial services office or supervising officer; or
         (   ) (iii) **Home Incarceration.** You are restricted to 24-hour-a-day lock-down at your residence except for medical necessities and court appearances or other activities specifically approved by the court.
   ( X ) (o) submit to location monitoring as directed by the pretrial services office or supervising officer and comply with all of the program requirements and instructions provided.
         ( X ) You must pay all or part of the cost of the program based on your ability to pay as determined by the pretrial services office or supervising officer.
   ( X ) (p) report within 72 hours to the pretrial services office or supervising officer, every contact with law enforcement personnel, including arrests, questioning, or traffic stops.
   ( X ) (p) restrict travel to the Northern District of Georgia unless the supervising officer has approved travel in advance.
   ( X ) (r) See attached addendum for other restrictions.
   (   ) (s) _____
   (   ) (t) _____

## Advice of Penalties and Sanctions

TO THE DEFENDANT:

YOU ARE ADVISED OF THE FOLLOWING PENALTIES AND SANCTIONS:

Violating any of the foregoing conditions of release may result in the immediate issuance of a warrant for your arrest, a revocation of release, an order of detention, a forfeiture of any bond, and a prosecution for contempt of court and could result in a term of imprisonment, a fine, or both.

While on release, if you commit a federal felony offense, the punishment is an additional prison term of not more than ten years; if you commit a federal misdemeanor offense, the punishment is an additional prison term of not more than one year. This sentence will be consecutive (i.e., in addition to) any other sentence you receive.

It is a crime punishable by up to ten years of imprisonment and a $250,000 fine or both to: obstruct a criminal investigation; tamper with a witness, victim or informant; or intimidate or attempt to intimidate a witness, victim, juror, informant, or officer of the court. The penalties for tampering, retaliation, or intimidation are significantly more serious if they involve a killing or attempted killing.

If after release, you knowingly fail to appear as required by the conditions of release, or to surrender for the service of sentence, you may be prosecuted for failing to appear or surrender and additional punishment may be imposed. If you are convicted of:

(1) an offense punishable by death, life imprisonment, or imprisonment for a term of fifteen years or more, you shall be fined not more than $250,000 or imprisoned for not more than 10 years, or both;
(2) an offense punishable by imprisonment for a term of five years or more, but less than fifteen years, you shall be fined not more than $250,000 or imprisoned for not more than five years, or both;
(3) any other felony, you shall be fined not more than $250,000 or imprisoned not more than two years, or both;
(4) a misdemeanor, you shall be fined not more than $100,000 or imprisoned not more than one year, or both.

A term of imprisonment imposed for failure to appear or surrender shall be in addition to the sentence for any other offense. In addition, a failure to appear or surrender may result in the forfeiture of any bond posted.

## Acknowledgment of Defendant

I acknowledge that I am the defendant in this case and that I am aware of the conditions of release. I promise to obey all conditions of release, to appear as directed, and to surrender for service of any sentence imposed. I am aware of the penalties and sanctions set forth above.

_Matt_
Signature of Defendant

152 Ennisbrook Dr.
Address

Smyrna, Ga                           770-274-3045   354
City and State                       Telephone

## Directions to United States Marshal

(✓) The defendant is ORDERED released after processing.
( ) The United States marshal is ORDERED to keep the defendant in custody until notified by the clerk or judge that the defendant has posted bond and/or complied with all other conditions for release. If still in custody, the defendant must be produced before the appropriate judge at the time and place specified.

Date: June 18, 2018

_Vanz_
Signature of Judicial Officer

JANET F. KING, U.S. MAGISTRATE JUDGE
Name and Title of Judicial Officer

DISTRIBUTION:   COURT   DEFENDANT   PRETRIAL SERVICE   U.S. ATTORNEY   U.S. MARSHAL

*United States of America v. Matthew Stephen Cox*
(Indictment 18-cr-0182-ELR-JKL)
Northern District of Georgia

## BOND AGREEMENT AND CONDITIONS

1. Defendant's spouse, Meghan Cox, agrees to refrain from cell phone and internet use within the 152 Ennisbrook Drive, Smyrna, Georgia 30082 residence, and in the presence of Defendant. Defendant shall disconnect any and all internet from his home. No visitors shall bring electronic devices capable of accessing the internet into the residence.

2. A land line shall be the sole permissible means of telephone communication from or within 152 Ennisbrook Drive, Smyrna, Georgia 30082, and by the defendant from any location.

3. Defendant Cox agrees to cease use of the internet, any and all internet or cellular or other wireless messaging applications and e-mail accounts.

4. Defendant Cox agrees to provide the government with access, in the form of usernames and passwords, to all active messaging applications and/or e-mail accounts.

5. The government agrees that any information or data created *prior to* June 7, 2018, viewed or acquired through its consensual access to Cox's messaging applications or e-mail accounts, may not be used to obtain a search warrant for Cox's cell phone, computer, or accounts therein. The government will not be limited in its ability to lawfully use this information if it is obtained in another lawful manner.

6. The government agrees that any information or data created *prior to* June 7, 2018, viewed or acquired through its consensual access to Cox's messaging or e-mail accounts, shall not be used in Grand Jury proceedings to obtain a superseding indictment against Cox. The

government will not be limited in its ability to lawfully use this information if it is obtained in another lawful manner.

7. Cox knowingly and voluntarily consents and agrees that any information or data generated *after* June 7, 2018 viewed or acquired through its consensual access to Cox's messaging or e-mail accounts, may be used by the government in any lawful manner, including without limitation: (1) as a ground to revoke bond; (2) to obtain a search warrant for said cell phone, computer, or account therein; and (3) in Grand Jury proceedings.

8. Defendant Cox shall wear and maintain an ankle monitor equipped with GPS location at his expense.

9. Defendant Cox shall be under home confinement, except for trips to his place of employment, to a doctor or hospital for medical treatment and emergencies, religious services, court hearings, and consultation with his attorneys.

10. The government consents to an unsecured appearance bond in the amount of $20,000.00.

11. Defendant Cox agrees to provide the government with a list of all types and quantities of cryptocurrencies in his or his spouse's possession, and agrees not to dispose of or transfer any cryptocurrencies to the possession of another.