IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>MATTHEW COX | Criminal Indictment<br><br>No. 1:18-CR-182-ELR |

### PROTECTIVE ORDER FOR DISCOVERY MATERIALS

In this case, the discovery materials to be provided (or made available) to the defendant by the United States are voluminous. In addition, many of the records can be classified as "sensitive materials" — in that they contain dates of birth, home addresses, social security numbers, financial information, and state tax information. Additionally, the United States's investigation is ongoing and there is a risk that disclosure of certain discovery materials could jeopardize the ongoing investigation.

THEREFORE, IT IS HEREBY ORDERED, pursuant to Federal Rule of Criminal Procedure Rule 16(d)(1), and for good cause shown:

1. That all discovery materials and information provided by the United States to the defendant in the above-referenced case are to be used by the defendant and his counsel solely for the purpose of allowing the defendant to prepare a defense. And, that neither the defendant, defense counsel, nor members of the defense team may disseminate, disclose, or provide the discovery materials to anyone who is not necessary to the preparation of the defense.

2. That all discovery materials provided by the United States, regardless of

whether such materials and information have or will be produced pursuant to Federal Rule of Criminal Procedure 16 or otherwise, shall not be further disseminated by the defendant or his counsel to any individual, organization, or other entity, other than:

    a. To members of the defense team (co-counsel, paralegals, investigators, litigation support personnel, the defendant, and secretarial staff);

    b. To any experts or consultants retained to assist in the preparation of the defense; or

    c. To the Court.

3. That upon any dissemination of the materials, defense counsel will inform the recipient as to the existence of this Protective Order and the requirement to maintain the confidentiality of the information conveyed.

4. That defense counsel, any co-counsel, and any investigators may display copies of any "sensitive materials," to non-expert witnesses, if it is determined that it is necessary to do so for the purpose of preparing the defense of the case, and may do so without any notice to the United States. However, the defense team may only show copies of "sensitive materials" to witnesses, in the presence of the defense team, if the witnesses agree that they will not disseminate information in the documents, and provided that the defense team retrieves all copies of the "sensitive materials" from the witnesses after to meeting.

5. That if defense counsel desires to disclose, make available, or communicate the content of any discovery materials to any other person not described in this Order, counsel for the United States must first be so advised.

6. That this Order shall survive the final termination of this action, and that upon termination of this action and any appeal, counsel for the defendant shall return all copies of the discovery to the United States or shall certify that said documents have been destroyed.

SO ORDERED, this 25th day of June, 2018.

_____
JOHN K. LARKINS, III
UNITED STATES MAGISTRATE JUDGE

Prepared by
Alison B. Prout, AUSA

3