IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>MATTHEW COX | Criminal Action No.<br><br>No. 1:18-CR-182-ELR |

**Government's Sentencing Memorandum**

The United States of America, by Byung J. Pak, United States Attorney, and Alison B. Prout, Assistant United States Attorney for the Northern District of Georgia, files this Memorandum in preparation for the sentencing of Defendant Matthew Cox.

**I.   Procedural Background**

On May 23, 2018, Defendant Matthew Cox was indicted on four counts of drug trafficking relating to his importation of MDMA for distribution in the Atlanta area.

On September 10, 2018, Cox entered a negotiated plea of guilty to Count One of the indictment, conspiracy to import MDMA.  Doc. 32.  Under the plea agreement, the parties agreed that Cox's base offense level is 30 because the criminal activity involved the equivalent of more than 1,000 but less than 3,000 kilograms of marijuana.  Doc. 32-1 ¶ 13.  The government agreed to recommend that Cox receive the maximum adjustment for acceptance of responsibility (*id.* ¶ 14), a 2-level offense reduction under the Safety Valve (*id.* ¶ 15), and a one-level

downward variance due to Cox's expeditious guilty plea (*id*. ¶ 21). Cox's only guidelines-related objection to the PSR is that the guidelines were calculated without the inclusion of the one-level early resolution variance that the government intends to request at sentencing.

Without the one-level early resolution variance, Cox's total offense level is 25 and his criminal history score is 0, resulting in a criminal history category of I and a guidelines range of 57 to 71 months. PSR at 18. If the Court applies the one-level downward variance, Cox's offense level would be 24, and his guidelines range would be 51 to 63 months.

For the reasons described below, the government seeks an additional one-level downward variance due to Cox's efforts to cooperate, which did not rise to the level of substantial assistance, but nonetheless went beyond the ordinary level of cooperation. If the Court applies this additional variance, Cox's offense level would be 23, and his guidelines range would be 46 to 57 months. The government requests a 46-month sentence.

## II. Factual Background

### A. The Offense Conduct

In mid-2017, agents learned that Cox was operating in a dark web drug marketplace to import bulk quantities of MDMA. Undercover agents conducted a controlled purchase of approximately 3,000 MDMA pills from Cox, PSR ¶¶ 15-22, and then proceeded to develop an internet-based relationship with Cox, from which they learned that Cox had arranged to have multiple shipments of MDMA sent to various straw addresses in and out of the state of Georgia to be sold for

redistribution.  Cox attempted to avoid detection by using different recipient names and addresses, and the drugs were often concealed inside boxes for children's toys.  At least one of Cox's drug suppliers shipped MDMA from Slovakia.  *Id*. ¶¶23-24.  Agents were able to intercept several of these shipments, and found them to contain thousands of MDMA pills.  *Id*. ¶¶ 23, 24, 26.  In total, Cox is held accountable for more than 9,000 MDMA pills, with a drug weight of 4.4 kilograms.  PSR ¶ 27.

### B. The Defendant's Efforts at Cooperation

Upon his arrest, Cox agreed to cooperate with Homeland Security Investigations ("HSI") agents in efforts to determine the identity of Cox's overseas suppliers.  Cox agreed to allow agents to assume his online identity, showed agents the methods he used to contact his suppliers, and instructed agents in how to make use of aspects of the dark web.

While these efforts were unsuccessful, and thus do not rise to the level of substantial assistance to the government, Cox's cooperation appeared to be in good faith, and went beyond the efforts made by the typical defendant.  Accordingly, while the government will not seek a downward departure under Section 5K, or under Rule 35, the government does request a one-level variance in Cox's guidelines due to his efforts at cooperation.  The government has conferred with defense counsel, who agrees that a one-level downward variance is full and appropriate consideration for Cox's cooperation.

### III. Argument

**A. The Section 3553(a) Factors Warrant a 46-Month Sentence.**

Congress provided, through 18 U.S.C. § 3553(a), the factors to be considered by district courts in imposing a "sentence sufficient, but not greater than necessary, to comply with" the basic aims of sentencing, which include: (1) the nature and circumstances of the offense and history and characteristics of the defendant; (2) the need for the sentence to reflect the seriousness of the offense and to promote respect for the law; (3) the need for adequate deterrence; (4) the need to protect the public; (5) the need to provide the defendant with educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Guidelines range; (8) the pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwarranted sentencing disparities; and (10) the need to provide restitution to victims. 18 U.S.C. § 3553(a)(1)-(7). The most relevant Section 3553(a) factors in Cox's case are set forth below.

**1. The Nature and Circumstances of the Offense, 18 U.S.C. § 3553(a)(1)**

The use of the dark web to thwart federal laws and to import controlled substances has become an increasingly significant problem in the United States. The dark web has made it easier for criminal drug suppliers to avoid American law enforcement by operating entirely abroad. Yet the impact from their criminal enterprise continues to be felt here, when the drugs are imported into America and distributed locally.

Cox, believing that his identity could not traced, brazenly transacted with international drug suppliers to import MDMA for redistribution in the Atlanta

4

area. In addition to the drug shipments that HSI actually seized, Cox confided in an undercover agent about multiple completed past transactions, as well as plans for more transactions in the future. Cox's drug activity was not the result of a one-time lapse in judgment. He gave every indication that he would have continued his illegal conduct indefinitely had he not been found and arrested by HSI. Given the serious nature and circumstances of Cox's offense, a 46-month sentence is warranted.

> **2. To Reflect the Seriousness of the Offense, to Promote Respect for the Law, and to Provide Just Punishment for the Offense, 18 U.S.C. § 3553(a)(2)(A)**

The repeated importation of controlled substances into the United States is a serious offense. A significant custodial sentence will send a message to both Cox and other potential dark web drug importers that drug trafficking via a click of a button on the dark web is just as serious as conducting face-to-face transactions. A sentence of 46 months not only reflects the seriousness of the offense, but also promotes respect for the law and provides just punishment for the offense to which Cox pleaded guilty.

[CONTINUED ON NEXT PAGE]

## IV. Conclusion

For the foregoing reasons, the government respectfully request that the Court impose a sentence of 46 months' imprisonment.

        Respectfully submitted,

        BYUNG J. PAK
          *United States Attorney*


        /s/ALISON B. PROUT
          *Assistant United States Attorney*
        Georgia Bar No. 141666
        alison.prout@usdoj.gov

## Certificate of Service

The United States Attorney's Office served this document today by filing it using the Court's CM/ECF system, which automatically notifies the parties and counsel of record.

April 10, 2019

/s/ ALISON B. PROUT

ALISON B. PROUT

*Assistant United States Attorney*