IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * * * | |
| v. | * * | 1:18-CR-00182-ELR-1 |
| MATTHEW COX, | * * | |
| Defendant. | * * | |

**ORDER**

This matter is before the Court on Defendant Matthew Cox's Motion for Reduction in Sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), as amended by the First Step Act of 2018 [Doc. 51]. After due consideration, the Court enters the following Order:

**I.   BACKGROUND**

On September 10, 2018, Defendant pled guilty to conspiracy to import 3, 4-Methylenedioxymethamphetamine (MDMA). [Doc. 32]. On April 18, 2019, Defendant was sentenced to a term of imprisonment of forty months, to be followed by three years of supervised release. [Doc. 49]. This Court recommended that Defendant be incarcerated at a facility best suited to evaluate and treat his substance abuse problems. Defendant has now filed, through counsel, a motion in which he

requests either home confinement or time served pursuant to the First Step Act. [Doc. 51].

## II.   DISCUSSION

The Court first turns to Defendant's request for home confinement under the First Step Act based on his ailments and possible exposure to Covid-19. The First Step Act of 2018 modifies 34 U.S.C. § 60541(g)(1) to provide that:

> (A)   The Attorney General shall conduct a pilot program to determine the effectiveness of removing eligible elderly offenders and eligible terminally ill offenders from Bureau of Prisons facilities and placing such offenders on home detention until the expiration of the prison term to which the offender was sentenced.
>
> (B)   In carrying out a pilot program as described in subparagraph (A), the Attorney General may release some of all eligible elderly offenders and eligible terminally ill offenders from the Bureau of Prisons facilities to home detention upon written request from either the Bureau of Prisons or eligible elderly offender or terminally ill offender.

As to the placement of terminally ill inmates on home confinement, the First Step Act defines an "eligible terminally ill offender" as an offender in Bureau of Prisons ("BOP") custody who, *inter alia*, "has been determined by a medical doctor approved by the BOP to be" either "in need of care at a nursing home, intermediate care facility, or assisted living facility" or "diagnosed with a terminal illness." 34 U.S.C. § 60541(g)(5)(D). Under the First Step Act, the discretion to release a prisoner to home confinement lies solely with the Attorney General and by

2

delegation of the BOP. 34 U.S.C. § 60541; see also DeJesus v Woods, No. 2:19-CV-121-WHA, 2019 WL 3326199, at *4 (M.D. Ala. June 21, 2019) (collecting cases).

Defendant does not state that he qualifies as a terminally ill offender. Even if Defendant did meet the definition of a terminally ill offender, the First Step Act does not require the BOP to place eligible prisoners on home confinement; instead, the Act provides the BOP with the sole discretion to do so. Thus, Defendant is not entitled to placement on home confinement. Further, the Court notes that "the BOP's placement determinations, including those regarding home confinement, are expressly insulated from judicial review." De Jesus, 2019 WL 3326199, *4 (citing Reeb v Thomas, 636 F.2d 1224, 1227 (9th Circ. 2011)).

Alternatively, Defendant argues that he is entitled to compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) because his medical condition constitutes "extraordinary and compelling circumstances" warranting a reduction under subsection (i). [Doc. 51]. Before the enactment of the First Step Act in December 2018, compassionate release was only available if the BOP filed a motion requesting it. 18 U.S.C. § 3582 (as effective Nov. 2, 2002 to Dec. 20, 2018); see also U.S.S.G. § 1B1.13 ("Upon motion of the Director of the Bureau of Prisons under 18 U.S.C. § 3582(c)(1)(A), the court may reduce the term of imprisonment. . ."). Now, however, the First Step Act provides circumstances under which a defendant may file a motion

for compassionate release directly with the sentencing court. 18 U.S.C. § 3582(c)(1)(A)(i).

On April 27, 2020, Defendant's counsel requested that the Warden of FPC Montgomery release Defendant to home confinement immediately, or in the alternative, recommend a compassionate release to the District Court. [Doc. 51, Exhibit B]. That same day, the Warden denied Defendant's request, stating Defendant did not meet the BOP's criteria for either request. [Doc. 51, Exhibit C]. On May 11, 2020, Defendant, through counsel, filed the instant motion.

Defendant asserts that he should be compassionately released based on his hypertension. [Doc. 51 at 2].[1] However, other than stating generally how Covid-19 has affected society, including custodial inmates, Defendant has not demonstrated how his medical condition qualifies him for compassionate release. The Court cannot find based on Defendant's submissions that he is receiving inadequate treatment, or that his condition has declined since his sentencing such that the BOP is no longer capable of providing adequate treatment. As such, Defendant has not shown that he is entitled to the relief he requests.[2]

---

[1] Defendant also mentions that he has elevated liver enzymes but acknowledges that he does not know how that is currently affecting his health. [Doc 51 at 2].
[2] Because Defendant has not shown that he qualifies for relief, a discussion of the Section 3553(a) factors is not warranted.

4

## III. CONCLUSION

In light of the foregoing, Defendant's Motion [Doc. 51] is **DENIED.**

**SO ORDERED**, this 21st day of May, 2020.

*Eleanor L. Ross*
Eleanor L. Ross
United States District Judge
Northern District of Georgia